IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GERALD W. SLATON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:05-cv-682-DRH |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court, *sua sponte*, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the plaintiff's failure to prosecute this matter. For the reasons set forth below, it is **RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** and that the Court adopt the following findings of fact and conclusions of law:

### FINDINGS OF FACT

On March 27, 2006, the plaintiff's former attorney, Gary Szczeblewski, sought to withdraw as counsel (Doc. 14). In the motion to withdraw, attorney Szczeblewski informed the Court of the plaintiff's address and indicated that he had notified the plaintiff, by certified mail, of the motion to withdraw. On June 7, 2006, this Court set a hearing on the motion, to occur on June 22, 2006 at 2:00 p.m., and the plaintiff, himself was ordered to appear along with counsel of record (Doc. 15). The hearing was held as scheduled and the plaintiff appeared. At the hearing the plaintiff was informed that he may seek other counsel; however, he also was informed that the various deadlines in this case must be met regardless of whether he would be proceeding *pro se* or with other counsel.

This information was reiterated in this Court's June 22, 2006 Order granting attorney

Szczeblewski leave to withdraw (Doc. 17). Pursuant to that Order, the plaintiff's opening brief was due on August 6, 2006. The Order was mailed to the plaintiff at his address of record and there is no indication in the docket that the mail was returned to the Court as undeliverable.

The plaintiff failed to file his opening brief by August 6, 2006. On August 29, 2006, this Court issued an Order to Show Cause directing the plaintiff to either show cause why he failed to file his brief or file his brief by September 12, 2006 (Doc. 18). The plaintiff was warned that the failure to show cause or submit a brief would result in a Report and Recommendation that this matter be dismissed for want of prosecution. As of the date of this Report, the plaintiff has not submitted his opening brief.

## CONCLUSIONS OF LAW

The plaintiff's failure to file his opening brief, and assert why the Commissioner erred in denying disability benefits, prevents this Court from adequately considering the merits of his claims. He has been given two opportunities to file his brief and has been adequately warned of the consequences of not filing his brief in a timely manner. See Fischer v. Cingular Wireless, LLC, 446 F.3d 665-666 (7th Cir. 2006). The plaintiff has offered no excuse for his failure to prosecute this matter. Therefore, this Court can only recommend that this matter be dismissed for want of prosecution.

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** for want of prosecution and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10)

days after service of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  <u>Snyder v. Nolen</u>, 380 F.3d 279, 284 (7th Cir. 2004); <u>United States v. Hernandez-Rivas</u>, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: September 15, 2006**

*s/ Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**