IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**GERALD W. SLATON,**

    **Plaintiff,**

v.

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**                                Case No. 05-cv-682-DRH

## ORDER

**HERNDON, District Judge:**

Now before the Court is the Report and Recommendation ("R&R") (Doc. 19) issued *sua sponte*, pursuant to **28 U.S.C. § 636(b)(1)(B)**, by Magistrate Judge Wilkerson, to dismiss Plaintiff's claims without prejudice for want of prosecution. Plaintiff has filed this suit against the Commissioner of Social Security challenging the agency's decision denying him disability benefits. Plaintiff has been prosecuting this action *pro se* since the Court granted his attorneys' Motion to Withdraw (Doc. 14), after a hearing at which Plaintiff was present (Doc. 17). The Court ordered Mr. Slaton to file his brief by August 6, 2006 (*Id.*).

The same Order, issued June 22, 2006 (Doc. 17) states that at the hearing on the Motion to Withdraw, Plaintiff was advised that he was to comply with

all deadlines set in this matter. However, on August 29, 2006, as Plaintiff had failed to file his brief by the deadline, the Court issued an Order to Show Cause (Doc. 18), which required Plaintiff to show cause, in writing, by September 12, 2006, why the matter should not be dismissed for want of prosecution. The Show Cause Order also stated that Plaintiff could, in the alternative, elect to simply file his brief by September 12, 2006. The Show Cause Order clearly stated that failure show cause or timely file his brief could result in an R&R to dismiss this matter (*Id.*).

Plaintiff did not comply with the Show Cause Order in any respect. Therefore, the Magistrate Judge issued the R&R which is now before the Court (Doc. 19). The findings of fact stated within the R&R are consistent with the facts which have been previously recounted in this Order. The R&R also contained proposed/recommended conclusions of law, finding that Plaintiff had "been given two opportunities to file his brief and ha[d] been adequately warned of the consequences of not filing his brief in a timely manner" (*Id.* at p. 2, citing **Fischer v. Cingular Wireless, LLC, 446 F.3d 663, 665-66 (7th Cir. 2006)**). Further, the R&R found that Plaintiff offered no excuse for his failure to comply with the Court's orders and therefore, the only recommendation available is a dismissal without prejudice for want of prosecution.

The R&R was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within ten days of service. (*See* Doc. 19-2.) This information was also included in the R&R itself. To date, none of the parties have filed objections, and the period in which to file objections has expired.

Therefore, pursuant to **28 U.S.C. § 636(b)**, this Court need not conduct *de novo* review of this matter.  ***Thomas v. Arn*, 474 U.S. 140, 149-52 (1985)**.  Thus, the Court **ADOPTS** the R&R (Doc. 19) in its entirety.  Plaintiff's Complaint (Doc. 1) is hereby **DISMISSED WITHOUT PREJUDICE** for want of prosecution, as without the appropriate briefing, the Court is unable to adequately consider the merits of Plaintiff's claims.  The file shall be closed as this concludes the Court's consideration of the matter.

**IT IS SO ORDERED.**

Signed this 25th day of October, 2006.

/s/          David   RHerndon
**United States District Judge**